IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GREGORY C. MORSE | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11cv230 |
| | § | |
| ROBERT STANLEY, ET AL. | § | |
|     Defendants | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS

Now before the Court are Plaintiff Gregory C. Morse's Partial Motion to Dismiss Robert Stanley, ABB Mortgage, Walid Abd, Pinnacle Title Company, L.P., and Commonwealth Land and Title Insurance Company (Dkt. 29), and Defendants' Motion to Dismiss (Dkt. 10). As set forth below, the Court finds that both motions should be GRANTED and this matter should be dismissed.

This lawsuit arises out of a March 8, 2008 mortgage loan refinancing agreement. In connection with that agreement, Plaintiff Gregory C. Morse asserts the following causes of action in his Original Complaint: (1) common-law fraud; (2) fraud under Tex. Bus. & Com. Code §§ 27.01(b) and (e); (3) breach of contract; (4) violation of the Texas Mortgage Broker License Act; (5) violation of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act; and (6) other claims under RESPA or TILA. Plaintiff asserts a suit to quiet title, seeks declaratory judgment, requests an accounting, seeks actual and exemplary damages, and seeks attorneys' fees.

Defendants now seek dismissal of all of the issues raised by Plaintiff in his complaint.

## FACTUAL BACKGROUND

According to Plaintiff's Original Complaint, Plaintiff was contacted by Defendant Robert Stanley in early 2008 in an attempt to secure a mortgage loan refinancing agreement with Plaintiff. Plaintiff entered into a mortgage loan refinancing agreement on March 3, 2008 by executing a 30-year Note. In conjunction with the refinancing agreement, Plaintiff received a HUD 1 form outlining all costs attributable to the agreement. However, Plaintiff alleges that he did not receive all of the required documents upon closing, including a copy of Defendants' Commonwealth Land Title Insurance Company and Pinnacle Title Company, L.P.'s title policies, and a copy of Land America Financial Group, Inc. and Defendant Pinnacle's report of title examination. Furthermore, Plaintiff alleges that not all fees listed on the HUD 1 form were actually paid, including the appraisal fee to DuPriest Appraisal. Plaintiff alleges that he has performed all obligations required under the Note. Plaintiff also alleges that he is unsure who presently owns the benefits of his mortgage debt obligation.

### Plaintiff's Partial Motion to Dismiss Robert Stanley, ABB Mortgage, Walid Abd, Pinnacle Title Company, L.P., and Commonwealth Land and Title Insurance Company

Plaintiff Gregory C. Morse has filed a Partial Motion to Dismiss Robert Stanley, ABB Mortgage, Walid Abd, Pinnacle Title Company, L.P., and Commonwealth Land and Title Insurance Company (Dkt. 29). No response in opposition has been filed. Therefore, the motion is GRANTED, and the claims against Defendants Robert Stanley, ABB Mortgage, Walid Abd, Pinnacle Title Company, L.P., and Commonwealth Land and Title Insurance Company are dismissed without prejudice.

**Remaining Defendants' Motion to Dismiss**

The remaining Defendants in this matter are Homecomings Financial, L.L.C., Homecomings Wholesale Funding, GMAC Mortgage Corporation of Iowa, MERS, Inc., MERSCorp, Inc, and Federal National Mortgage Assn. They have filed a motion to dismiss (Dkt. 10). Defendants allege that Plaintiff lacks standing to bring suit and that Plaintiff's claims – some of which Plaintiff has alleged are "possible" claims – are not ripe for adjudication. Plaintiff responds that an actual controversy ripe for adjudication has been alleged in his complaint.

In order for Plaintiff to establish standing sufficient to overcome a motion to dismiss, Plaintiff "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1149, 173 L. Ed. 2d (2009). *But see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (noting specific facts must be shown in order to overcome a summary judgment motion challenging standing).

Here, Plaintiff has alleged sufficient facts to create standing. Plaintiff alleges that Defendants failed to provide disclosures regarding a mortgage transaction from 2008. Plaintiff also alleges that Defendants failed to provide documentation on subsequent mortgage loan assignments/transfers as required under federal law. Plaintiff claims that the loss of his house is a result of the failures to disclose. Having alleged transactions that already occurred, Plaintiff's claims are, therefore, ripe.

As such, the Court declines to dismiss Plaintiff's claims based on a lack of standing or ripeness.

Finding that Plaintiff has stated sufficient facts to show that he has standing, the Court turns to the claims over which it has jurisdiction. Plaintiff has asserted that the Court has federal question jurisdiction over his claims pursuant to 18 U.S.C. §§ 1341 and 1343, 12 U.S.C. § 2605(e)(1)(B) (hereinafter "RESPA"), 15 U.S.C. § 1601, *et seq.* (hereinafter "TILA"), and 28 U.S.C. § 2201, *et seq.* (hereinafter "Declaratory Judgment Act"). Dkt. 1 at ¶1. The Court finds that not all of these statutes confer jurisdiction here. First, 18 U.S.C. § 1341 is a criminal statue pertaining to mail fraud and does not provide Plaintiff with a private cause of action. *Napper v. Anderson*, *Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974). Similarly, 18 U.S.C. § 1343 is a criminal statute pertaining to wire fraud and does not provide Plaintiff with a private cause of action. *Id.* Likewise, the Declaratory Judgment Act "is procedural only" and does not confer subject-matter jurisdiction upon the Court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950). Thus, Plaintiff's only remaining grounds that could give rise to federal question jurisdiction are his claims under RESPA and TILA.[1] As set forth below, the Court finds that Plaintiff's RESPA and TILA claims should be dismissed.

Defendants assert that Plaintiff's RESPA and TILA claims are barred by the respective statute of limitations. Plaintiff curiously replies that he is not seeking relief under RESPA or TILA.[2]

---

[1] Further, it does not appear that there is diversity jurisdiction as several Defendants are Texas citizens.

[2] Dkt. 16 at 4 ("Plaintiff's Complaint did not seek recovery for violations of RESPA and TILA...[s]ince no independent cause of action was alleged for those two statutes, this aspect of the motion is moot."). If Plaintiff is indeed not asserting any RESPA or TILA causes of action,

If such is the case, then there is no federal jurisdiction here and the Court's inquiry ends. However, a review of Plaintiff's live complaint reveals that Plaintiff seeks declaratory judgment as to possible violations of the two statutes, claims fraud based on violations of the two statutes, and requests an accounting of costs listed on the HUD 1 form. To the extent Plaintiff is bringing any claims (which the Court has noted are the only claims that confer jurisdiction here), the Court finds that Plaintiff is barred by the statute of limitations from bringing any RESPA or TILA claims.

Plaintiff has alleged that Defendants violated RESPA by fraudulently inducing him to refinance his mortgages on March 8, 2008 and by failing to provide required disclosures concerning the refinancing loan. Plaintiff seeks declaratory judgment that such conduct violated RESPA. Claims brought under RESPA must be asserted either within one year or three years from the date an alleged violation occurred. 12 U.S.C. § 2614. Violations of the notice statute, 12 U.S.C. § 2605, are afforded a three-year limitation period. *Id.* Under the notice statute, loan servicers are required to provide written notice to a loan applicant/borrower of an assignment, sale, or transfer of the loan to a new servicer. 12 U.S.C. § 2605. Violations of the kickback and title provisions, 12 U.S.C. §§ 2607 and 2608, respectively, are afforded a one-year limitation period. *Id.* Under the kickback provision, kickbacks to third parties involving a mortgage loan are prohibited. 12 U.S.C. § 2607(a)-(b). Under the title provision, a buyer of property cannot be required to purchase title insurance from a specific title company as a condition to a real estate transaction. 12 U.S.C. § 2608(a).

The statute of limitations under RESPA begins to run on the date of the closing of the

---

then the Court lacks federal question jurisdiction.

5

mortgage transaction. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). Plaintiff's mortgage loan with Defendants concluded on March 3, 2008. Thus, Plaintiff would have had to have filed his RESPA claims with the Court on or before March 3, 2009 or March 3, 2011, depending on the basis of the claim. He did not file suit here until April 26, 2011 (Dkt. 1).

As to his TILA claims, Plaintiff essentially makes the same claims as those brought under RESPA; that is, Defendants violated TILA by fraudulently inducing him to refinance his mortgages, by failing to provide required disclosures concerning the refinancing loan, and seeks declaratory judgment over possible violations generally. Claims brought under TILA must be asserted within one year from the date an alleged violation occurred. 12 U.S.C. § 1640(e). "Concluding a credit transaction without giving the required disclosures constitutes a TILA violation...[and t]he credit transaction is consummated at the moment 'a contractual relationship is created.'" *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). Here, the contractual relationship is created upon closing of the refinancing loan, or March 8, 2008. Plaintiff would have had to have filed his TILA claims with the Court on or before March 3, 2009.

The Court finds both RESPA and TILA claims are barred by the statute of limitations unless otherwise tolled. The limitations period can be tolled if a plaintiff can "show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover the conduct." *Moor*, 784 F.2d at 633. Here, Plaintiff has failed to allege any concealment by Defendant of material facts giving rise to the RESPA or TILA claims. Rather, Plaintiff alleges that he did not receive the required forms at the time of closing of the mortgage loan. *See Moor*, 784

F.2d at 634 (holding the plaintiff's failure to disclose required information when loan was concluded did not constitute concealment of a material fact). Therefore, Plaintiff is not afforded the tolling exception on his RESPA and TILA claims. Accordingly, the Court grants Defendant's Motion to Dismiss as to RESPA and TILA claims.

Because RESPA and TILA are dismissed, the Court is left only with state law claims of fraud, breach of contract, violation of the Texas Mortgage Broker License Act, and violation of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, as well as his request for a declaratory judgment and an accounting. The Court declines to exercise supplemental jurisdiction over the remaining state law claims now that all of the federal claims against the moving Defendants have been dismissed. 28 U.S.C. § 1367(c)(3). Because this Court has no federal subject matter jurisdiction over Plaintiff's remaining claims, they are dismissed without prejudice to refiling in state court. *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Reese v. Anderson*, 926 F.2d 494, 501 (5th Cir. 1991) ("since no federal claims remain against the individual defendants, we instruct the district court to dismiss the pendent state claims against those defendants as well, without prejudice to refiling those claims in state court."). The Court cautions the parties that this finding is in no way intended to be a finding as to the factual or other legal merits of Plaintiff's claims under Texas law and it should not be construed as such. The Court simply declines to exercise supplemental jurisdiction over them.

Based on the foregoing, Plaintiff Gregory C. Morse's Partial Motion to Dismiss Robert Stanley, ABB Mortgage, Walid Abd, Pinnacle Title Company, L.P., and Commonwealth Land and Title Insurance Company (Dkt. 29) is GRANTED, and Defendants' Motion to Dismiss (Dkt. 10) is GRANTED in part. Plaintiff's claims against Defendants Robert Stanley, ABB Mortgage, Walid Abd, Pinnacle Title Company, L.P., and Commonwealth Land and Title Insurance Company are dismissed without prejudice, Plaintiff's RESPA and TILA claims against the remaining Defendants are dismissed with prejudice, and all other claims are dismissed without prejudice.

**SO ORDERED.**

**SIGNED this 22nd day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE